IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

LaTOYA SCOTT                                                                                              PLAINTIFF

v.                                         NO. 2:23-cv-81 JM

MACK'S SPORT SHOP LLLP                                                                           DEFENDANT

ORDER

This is an employment discrimination case brought under the Americans with Disabilities Act and the Arkansas Civil Rights Act. Pending is Defendant's motion for summary judgment (Doc. No. 9). For the reasons stated below, the motion is granted.

Factual Background

Plaintiff LaToya Scott began working at Mack's Sport Shop LLLP on December 5, 2022.[1] She was assigned to work in the warehouse, and her duties included shelving inventory. To reach the upper shelves, a worker was required to use a single-person scissor lift called a WAV (short for work assist vehicle). The standing platform on the WAV has interlocking safety gates that must be closed to raise the lift. A few days into the job, Plaintiff was receiving training on the WAV. She and her trainer realized that the gates "would not close behind her due to her weight and size."[2] (Doc. No. 1, ¶ 23). For the rest of that day, the trainer Plaintiff was shadowing would use the lift to reach the higher shelves, and Plaintiff would shelve inventory on the lower shelves. A week after she began working at Mack's, she was told that she could not continue to work there because she could not use the WAV. Plaintiff filed a charge with the EEOC which was dismissed, and she timely filed this lawsuit after receiving her notice of right to sue.

---

[1] Plaintiff was an employee of Express Employment Professionals and was leased to Mack's.
[2] Plaintiff testified that she is 5'10" and weighs about 360 pounds.

In her complaint, Plaintiff alleged that she was discriminated against "as a result of her status as a disabled person with a disability that substantially limited a major life impairment." (Doc. No. 1, ¶ 2). She listed her disability as "a chronic weight condition that substantially limits her major life activities like lifting." (Id., ¶26). However, in her deposition Plaintiff testified that she does not consider herself to be disabled, never told anyone at Mack's that she was disabled, and was never treated as being disabled at Mack's. She has never had restrictions placed on her activities because of her weight and is able to perform all daily activities, including lifting her 70-pound daughter. The only impact her weight and size had on her job performance was that the safety gates would not close which prevented her from operating the WAV.

Defendant filed a motion for summary judgment arguing that Plaintiff did not meet the definition of disabled. Plaintiff, without amending her complaint, changed tack and responded that the relevant issue was whether Defendant regarded her as disabled. The Court finds that Plaintiff's claims fail under either theory.

Summary Judgment Standard

Summary judgment is appropriate only when the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Analysis

A "disability" can be either a physical or mental impairment that substantially limits one or more major life activities or being "regarded as having such an impairment."42 U.S.C.A. § 12102 (1)(A), (B). Plaintiff has abandoned her claim that her weight is a physical impairment. To establish that she was "regarded as" having an impairment," Plaintiff must prove that she "has

been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C.A. § 12102(3)(A).

The determinative question here is whether Plaintiff's weight is an impairment under the ADA. She has acknowledged that the Eighth Circuit has previously concluded "that for obesity, even morbid obesity, to be considered a physical impairment, it must result from an underlying physiological disorder or condition." *Morriss v. BNSF Ry. Co.*, 817 F.3d 1104, 1112 (8th Cir. 2016).[3] Plaintiff has not submitted any evidence that her weight was the result of an underlying physiological disorder or condition. Rather, she argues that even if her obesity "was not a disability as defined by the ADA, she was *perceived as having such a disability.*" (Doc. No. 16 at 6) (emphasis added). This argument was also considered and rejected in *Morriss*. "[A]s a threshold matter, Morriss was required to show that BNSF perceived his obesity to be a condition that met the definition of 'physical impairment.'" *Id.* at 1113. As stated by the Seventh Circuit, "'[t]o succeed on this claim, Richardson must show [his employer] took adverse action against him based on the belief that his condition was an impairment—as the ADA defines that term—not merely based on knowledge of Richardson's physical characteristic." *Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 892 (7th Cir. 2019).[4] To survive summary judgment,

---

[3] The passage of the ADA Amendments Act of 2008 (ADAAA), Pub.L. No. 110–325, 122 Stat. 3553, did not affect this requirement. *See Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 889 (7th Cir. 2019) ("The EEOC therefore did not modify its regulation defining impairment, and even after the ADAAA, the definition of physical impairment remains inextricably tied to a 'physiological disorder or condition.' 29 C.F.R. § 1630.2(h)(1).") (citing *Morriss*, 817 F.3d at 1111).

[4] "To succeed on this claim, Richardson must show [his employer] took adverse action against him based on the belief that his condition was an impairment—as the ADA defines that term—not merely based on knowledge of Richardson's physical characteristic. . . .  In other words, Richardson must present sufficient evidence to permit a reasonable jury to infer that [his employer] perceived his extreme obesity was caused by an underlying physiological disorder or condition." *Id.*

Plaintiff must present sufficient evidence from which a jury could infer that Defendant "perceived [her] obesity was caused by an underlying physiological disorder or condition." *Id.* This she has not done.

It is undisputed that Plaintiff's weight is a physical characteristic that prevents the safety doors of the WAV from closing behind her. Viewing the evidence most favorably to Plaintiff, the Court finds that she was terminated because she could not operate the WAV, not because Defendant regarded her as having a physical impairment under the ADA. "The Americans with Disabilities Act, as the name implies, protects only those with disabilities." *Colton v. Fehrer Auto., N. Am., LLC*, No. 20-12039, 2021 WL 3073780, at *1 (11th Cir. July 21, 2021) (holding that although the plaintiff alleged that her employer thought of her as 4'6" stature as "short," "there was no evidence that her employer considered her height to be the result of a physiological disorder or condition." *Id.* at *2).

Plaintiff argues that since her trainer allowed her to work on the lower shelves that did not require the use of the WAV while her trainer handled the higher shelves, this amounted to Defendant treating her as disabled and providing her accommodation. The Court disagrees. The fact that her trainer worked around her inability to operate the WAV while she was in training does not turn the physical characteristic of her obesity into a physical impairment. Absent proof of the first prong of a prima facie case of disability discrimination—that she has a disability or is perceived of having an ADA-qualifying disability, Defendant is entitled to summary judgment on Plaintiff's ADA claim. As Plaintiff's disability discrimination claims under the ADA and the ACRA are analyzed under the same standards, Defendant's motion for summary judgment on Plaintiff's claims under the ACRA is also granted. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490 (8th Cir. 2002).

Conclusion

For the reasons stated above, Defendant's motion for summary judgment (Doc. No. 9) is GRANTED. A separate judgment will be entered.

IT IS SO ORDERED this 13th day of December, 2024.

_____
United States District Judge